**SO ORDERED.**

**SIGNED July 12, 2017.**



_____
**ROBERT SUMMERHAYS**
**UNITED STATES BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA

IN RE:

CHANDNI, LLC
d/b/a Microtel Inn & Suites,                    CASE NO. 12-21050

   Debtor in Possession                          Chapter 11

----------------------------------------------------------------
                       MEMORANDUM RULING
----------------------------------------------------------------

The question before the court is whether a Chapter 11 debtor must pay quarterly fees to the United States Trustee under 28 U.S.C. § 1930(a)(6) in a case that was closed with the entry of a final decree and then subsequently re-opened.  The debtor was granted a final decree on April 1, 2015, and the case was then closed.  On November 20, 2015, the court entered an order re-opening the case for the purpose of selling real property and cancelling liens held by the Small Business Administration ("SBA"). The court entered the relief requested by the debtor on December

17, 2015, and the property was subsequently sold. On September 14, 2016, the court granted leave to deposit the sale proceeds owed to the SBA into the registry of the court. In February 2017, the SBA filed a motion requesting the release of the funds held in the registry of the court, and this motion was granted on March 24, 2017.

On April 7, 2017, the U.S. Trustee's Office filed a motion requesting the court to convert the case to a case under Chapter 7 or, in the alternative, to dismiss the case on the grounds that the debtor failed to pay the quarterly U. S. Trustee fee pursuant to 28 U.S.C. § 1930(a)(6) after the case was re-opened. The U.S. Trustee contends that, under section 1930(a)(6), quarterly fees are due in cases that have been re-opened. The debtor contends that quarterly fees are not owed in the present case because the case was re-opened merely for the narrow purpose of selling property and turning the proceeds of that sale over to the SBA. The debtor further argues that, because the plan was fully consummated, the bankruptcy estate was fully administered.

Turning to the statutory text, section 1930(a)(6) provides that "a quarterly fee shall be paid to the United States Trustee, for deposit in the Treasury, in each case under Chapter 11 of Title 11 for each quarter (including any fraction thereof) until the case is converted or dismissed, whichever occurs first." Statutory

-2-

language must be construed according to its plain and ordinary meaning. When statutory language is unambiguous, "the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1,7 (2000). A court is not free to re-write statutory text even when equitable considerations may support a different result.

Here, section 1930(a)(6) provides for the payment of quarterly fees "in each case under Chapter 11 of Title 11 ...until the case is converted or dismissed...." The present matter is a "case under Chapter 11" in that it was commenced "by the filing with the Bankruptcy Court of a petition under [Chapter 11] by an entity that may be a debtor under [Chapter 11]." 11 U.S.C. Section 301(a). Courts have held that the quarterly fee is not due on cases that have been administratively closed with the entry of a final decree. See, e.g., In re Burk Dev. Co., Inc., 205 B.R. 778, 780 (Bankr. M.D. La. 1997). The rationale for this exception is that, once closed, the proceeding is no longer a "case under Chapter 11" within the meaning of section 1930(a)(6). However, once re-opened, a case is "live" in all respects. The parties are free to seek relief from the court and, more importantly for purposes of section 1960(a)(6), the U. S. Trustee is required to exercise its statutory duties with respect to the case. According to the statutory text,

-3-

as long as the case is open, the debtor is obligated to pay quarterly fees until the case has been "converted or dismissed." Contrary to debtor's argument, the unambiguous language of the statute refers only to dismissal or conversion as the cut-off for fees in a "live" case. The court cannot ignore the plain and ordinary meaning of the statutory text to craft additional policy-based exceptions to section 1930(a)(6).

Accordingly, quarterly fees were due to the U.S. Trustee under section 1930(a)(6) once the case was re-opened. The debtor has failed to pay those fees. Failure to pay the quarterly U.S. Trustee's fee is a ground to convert or dismiss the case under 11 U.S.C. § 1112(b)(4)(K). The debtor has thirty (30) days to pay past due quarterly fees in full. In default, the U.S. Trustee is authorized to submit an order converting the case to a case under Chapter 7 or dismissing the case.

**IT IS SO ORDERED.**

###